EDWARD H. R. GREEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 23976.   Promulgated May 9, 1930.

*Campbell E. Locke, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

OPINION.

MORRIS: Since the petitioner urges the deductibility of the amount in controversy as a loss by reason of shipwreck under the provisions of section 214 (a) (6) of the Revenue Act of 1921, and not as a loss by reason of the sale which took place in 1923, we need only consider one of the grounds upon which the deduction was disallowed by the respondent.   That section of the Act provides:

(a) That in computing net income there shall be allowed as deductions:

\*        \*        \*        \*        \*        \*        \*

(6) Losses sustained during the taxable year of property not connected with the trade or business \* \* \* if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. Losses allowed under paragraphs (4), (5), and (6) of this subdivision shall be deducted as of the taxable year in which sustained unless, in order to clearly reflect the income, the loss should, in the opinion of the Commissioner, be accounted for as of a different period. \* \* \*

While there is ample authority for so holding, we believe that citation thereof is unnecessary to show that under the Act the loss claimed was deductible in 1919 when the vessel was wrecked, and not in 1923 when the salvage therefrom was disposed of as the petitioner contends.

The petitioner argues, in effect, that the wreck in 1919 did not mark the completion of the transaction so that the loss could have been definitely ascertained in that year, that any loss that might have been claimed then would have been without any accurate basis for determination and, therefore, the deduction should be allowed in 1923 when the sale was effected. He cites and quotes from *Pike County Coal Corporation*, 4 B. T. A. 625, wherein the Board said:

In order to have been in a position to claim a deduction in 1918, the taxpayer would have been required to justify, with at least some degree of accuracy, the amount of the loss; otherwise the deduction from gross income for 1918 would have represented a mere guess, in all probability unjust either to the Government or to itself. It is evident, therefore, that whatever amount the petitioner might have computed, with no more information than it had, would have been conjectural, because it was not in possession of information necessary to enable it to make such computation.

Even granting that the time for the deduction of losses may be postponed under certain circumstances, the record does not show, nor does the petitioner's brief convince us, that the loss here was not definitely ascertainable in 1919 when the wreck occurred. The statute requires that such losses " shall be deducted as of the taxable year in which sustained unless, in order to clearly reflect the income, the loss should, in the opinion of the Commissioner, be accounted for as of a different period." The respondent, apparently satisfied that the net income could be clearly reflected in 1919 by the allowance of said loss in that year, has so allowed it, and in the absence of showing that the respondent's decision in the matter was erroneous, his finding, which is *prima facie* correct, must be sustained.

The petitioner requests the Board to reopen the case for the taking of testimony, for oral argument, or for the submission of additional briefs in the event it is felt that the question can not be determined favorably, of course, upon the pleadings. The proceeding was set for hearing on March 10, 1930, and due notice thereof was given, notwithstanding which there was no appearance for the petitioner

when the calendar was called on that day. Furthermore, the petitioner's request is wholly unsupported by any showing that further proceedings in the matter would develop any additional essential facts which might alter or reverse the present conclusion or that if there are any additional facts the same could not have been supplied when the hearing was called on the date aforesaid. Therefore, the petitioner's request must be, and it is, hereby denied.

*Decision will be entered for the respondent.*